UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 19-cv-24212

JEAN PAUL DIPIETRO,

       Plaintiff,

V.

CITY OF HIALEAH;
SERGIO VELAZQUEZ, individually; and
CARLOS HERNANDEZ, individually;

       Defendants.
_____/

## COMPLAINT

Plaintiff, JEAN PAUL DIPIETRO ("DIPIETRO"), by and through his undersigned attorneys, sues Defendants, CITY OF HIALEAH ("HIALEAH"), SERGIO VELAZQUEZ ("VELAZQUEZ"), and CARLOS HERNANDEZ ("HERNANDEZ"), and alleges as follows:

### INTRODUCTION

1. This is an action brought under the Civil Rights Act of 1866, 42 U.S.C. § 1983; the Florida Public Whistle-Blower's Act, § 112.3187, *et seq*., Florida Statutes ("FWA"); and, Fla. Statute § 92.57, seeking equitable relief and monetary damages.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331. The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendant, HIALEAH, is located within this judicial district, VELAZQUEZ and HERNANDEZ both work within this judicial district, and a substantial part of the events constituting the grounds for this lawsuit have taken place within this judicial district.

## PARTIES AND JURISDICTION

4. Plaintiff, JEAN PAUL DIPIETRO, is a male, *sui juris*, and, at all times material to this action, was a resident of Miami-Dade County, Florida.

5. Defendant, VELAZQUEZ, is an individual and the Chief of Police for the City of Hialeah. VELAZQUEZ is being sued in his individual capacity.

6. Defendant, HERNANDEZ, is an individual and is the Mayor of Hialeah. HERNANDEZ is being sued in his individual capacity.

7. Defendant, HIALEAH, was and is a public municipality organized and existing under and by virtue of the laws of the State of Florida and located in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

8. DIPIETRO began working for HIALEAH as a uniform patrol officer in January 2003.

9. In 2010, DIPIETRO was promoted to the rank of Sergeant.

10. DIPIETRO reported to and was subordinate to VELAZQUEZ.

11. In or about February 2016, Patrol Officer Juan Iglesias ("Iglesias"), brought suit against HIALEAH for violation of the Florida Public Whistleblower Act ("FWA"). Iglesias brought attention to the fact that HIALEAH was in violation of Florida Statute §316.640(8)(b), which prohibits a traffic enforcement agency, such as HIALEAH, from establishing a traffic citation quota. After blowing the whistle on the violation, Iglesias was subjected to retaliation in the form of disciplinary action and suspension.

12. Pursuant to orders, DIPIETRO disciplined Iglesias at least twice for failing to meet the ticket quota.

Gallup Auerbach • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

13. Thereafter, DIPIETRO refused to discipline Iglesias, and other employees, for failing to meet the ticket quota.

14. In October 2015, DIPIETRO was disciplined for refusing to discipline Iglesias and for recommending Iglesias be removed from his probationary action plan.

15. In December 2015, DIPIETRO was disciplined for refusing to discipline Iglesias and for recommending Iglesias be removed from his probationary action plan.

16. In January 2016, DIPIETRO received a written reprimand from VELAZQUEZ for failure to discipline Officer Matos (and others), who "showed a lack of traffic safety and self-initiated activity during said month."

17. In June 2016, DIPIETRO received a written reprimand from VELAZQUEZ for failure to discipline Iglesias (and others), who "showed a lack of traffic safety and self-initiated activity during said month."

18. The language "showed a lack of traffic safety and self-initiated activity during said month" was used to indicate that the officer failed to meet the unlawful ticket quota.

19. Following his refusal to participate in the unlawful enforcement of a ticket quota system against Iglesias, HIALEAH, VELAZQUEZ, and HERNANDEZ retaliated against DIPIETRO for his refusal to participate.

20. In or around July of 2017, DIPIETRO, was subpoenaed to provide and did provide sworn deposition testimony in Iglesias' lawsuit against HIALEAH. DIPIETRO testified that Iglesias had been performing his job well and that he was correct about HIALEAH's continued use of the quota system after such practices were prohibited under Florida law. DIPIETRO further directly refuted and contradicted HIALEAH's position in the Iglesias case, and the testimony of

3

VELAZQUEZ and HERNANDEZ, that HIALEAH never had a ticket quota and that HIALEAH complied with the law by discontinuing a ticket quota to comply with Florida law.

21. In his deposition testimony, DIPIETRO made clear that he had been ordered, on multiple occasions, to discipline Iglesias and other officers for their failure to meet the unlawful ticket citation quota.

22. Following his deposition testimony against HIALEAH, VELAZQUEZ and HERNANDEZ retaliated against DIPIETRO for his involvement and participation in the deposition and for his provision of testimony adverse to the Defendants.

23. In September 2017, two months following DIPIETRO's deposition, the bid process for assignment of shifts began. DIPIETRO had worked in Sector 5 with weekends off for two to three years, but when he went to submit a bid for his same location and shift assignments, he was unable to do so. Instead, he bid for Sector 4, with weekends off. Without explanation, DIPIETRO was assigned to Sector 2. A junior sergeant subordinate to DIPIETRO with lesser seniority rights relative to bidding of assignments was given a Sector 4 assignment instead.

24. Upon receiving his assignment to Sector 2, DIPIETRO emailed Commander Bello, explaining that the Sector 2 location would be a significant hardship for him, especially given that he was a new father and would need to be closer to home to spend time with his family. No one from HIALEAH ever responded to DIPIETRO's email.

25. DIPIETRO proceeded with working his assigned shifts and was ultimately transferred back to his preferred sector in September 2018.

26. In March 2019, DIPIETRO was pulled from active duty, and then recommended for termination by VELAZQUEZ.

4

27. HIALEAH's alleged reason for termination was that it had conducted an audit and determined that DIPIETRO had been late for his shifts on two (2) occasions and had failed to document his tardiness. On those same two (2) occasions, he failed to document the hours he spent at the Hialeah Police Sector Five Substation and at Fire Station Seven. According to HIALEAH, DIPIETRO failed to supervise his subordinates while he remained at the police and fire stations.

28. By letter dated June 11, 2019, VELAZQUEZ recommended DIPIETRO for termination.

29. On July 25, 2019, DIPIETRO met with HERNANDEZ to discuss what, if any, disciplinary action would be taken against him.

30. By letter dated July 30, 2019, HERNANDEZ terminated DIPIETRO's employment with HIALEAH.

31. Prior to DIPIETRO's refusal to discipline his subordinate officers for not meeting the unlawful ticket quota and his deposition testimony adverse to the Defendants, DIPIETRO had only minor disciplinary actions against him.

32. Prior to DIPIETRO's refusal to discipline his subordinate officers for not meeting the unlawful ticket quota and his deposition testimony adverse to the Defendants, DIPIETRO was next in line for promotion to Lieutenant.

33. Multiple police officers employed by HIALEAH committed the same or more egregious violations as DIPIETRO and were not disciplined or terminated.

34. DIPIETRO's Employee Performance Appraisal for 2017-2018 reflects that his work was above average and that DIPIETRO "is a professional and responsible supervisor . . . he is available and willing to assist and guide his subordinates."

Gallup Auerbach • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

35. DIPIETRO's Employee Performance Appraisal for 2018-2019 reflects that the quality of his work was excellent; that he was attentive to his radio; that he had taken paternity leave from October 2018 to January 2019; and that he had been relieved from duty March 2019.

36. Plaintiff has complied with all conditions precedent to bringing this action.

37. Plaintiff has timely filed this action within 180 days of the prohibited retaliatory actions against him pursuant to §112.3187(8)(b) & (c), Fla. Stat.

38. Plaintiff has retained the undersigned attorneys and has agreed to pay reasonable attorneys' fees and costs in connection with representation in this action.

## COUNT I:
### Violation of the Florida Whistleblower Act
### (against HIALEAH)

39. Plaintiff reasserts the general allegations set forth above in paragraphs 1-38 and incorporates them herein by this reference.

40. Plaintiff refused to participate in disciplining Iglesias because he knew Iglesias to be a good police officer and because he knew that the disciplinary action was predicated upon Defendant's continued enforcement of an unlawful traffic ticket quota. As such, Plaintiff engaged in protected activity by refusing to participate in adverse action prohibited by FWA

41. Plaintiff was disciplined on at least four (4) occasions for his refusal to participate in the disciplining of Iglesias and other similarly situated employees.

42. Eventually, Plaintiff was terminated from his employment due to his refusal to participate in the adverse action against Iglesias and other similarly situated employees.

43. Defendant's termination of Plaintiff constituted "retaliatory personnel actions" as defined by Fla. Stat. §112.3187(3)(c), and prohibited by Fla. Stat. §112.3187(4)(a).

44. At all times material, Plaintiff was qualified for his job and was performing in a satisfactory manner.

45. The actions of the Defendant violated the statutory rights of Plaintiff as codified in Fla. Stat. §112.3187, *et. seq*.

46. As a direct, natural and proximate cause of the actions of Defendant, Plaintiff has suffered loss of professional standing and position; emotional distress; embarrassment; humiliation; and damage to his good name and reputation, all of which are injuries that are continuing and permanent.

47. Plaintiff is entitled to recover for reasonable attorney's fees and costs pursuant to Fla. Stat. §112.3187(9)(d).

WHEREFORE, Plaintiff, JEAN PAUL DIPIETRO, demands judgment against Defendant, CITY OF HIALEAH, for the remedies envisioned by §112.3187, Florida Statutes as follows:

(a) An injunction restraining Defendant from continued violation of the FWA;

(b) Reinstatement to his former position, rank and seniority.

(c) Compensation for any lost wages, benefits, and other remuneration;

(d) Any and all other compensatory damages available under the FWA;

(e) An award of reasonable attorneys' fees and costs incurred in this action; and

(f) Such other and further relief as this court deems to be just and equitable.

### COUNT II:
### Retaliation in Violation of the First and Fourteenth Amendment (42 U.S.C. § 1983)
### (against all Defendants)

48. Plaintiff reasserts the general allegations set forth above in paragraphs 1-38 and incorporates them herein by this reference.

49. Amendment I of the United States Constitution provides in pertinent part: "Congress shall make no law . . . abridging the freedom of speech."

50. The Speech Clause of the First Amendment was made applicable to the states under the Fourteenth Amendment in *Gitlow v. New York*, 268 U.S. 652 (1925).

51. DIPIETRO's activity in providing deposition testimony against HIALEAH constituted protected speech and he was entitled to protection from retaliation and termination because of that speech.

52. VELAZQUEZ and HERNANDEZ, as agents of HIALEAH, knew that interfering with DIPIETRO's right to provide deposition testimony (by retaliating against him) would be an obvious violation of the First Amendment.

53. Defendants knew DIPIETRO provided deposition testimony in Iglesias' case because DIPIETRO submitted the subpoena he received to HIALEAH, VELASQUEZ personally attended DIPIETRO's deposition, and VELASQUEZ and HERNANDEZ were also deposed in Iglesias' case. During their depositions, VELASQUEZ and HERNANDEZ were informed of DIPIETRO's testimony, which was adverse to HIALEAH and wholly contradicted their testimony that HIALEAH did not have a traffic ticket quota and did not continue this quota after such quotas became illegal under Florida law.

54. DIPIETRO's deposition testimony did not impede the performance of police officers or interfere with the regular operation of HIALEAH.

55. DIPIETRO's deposition testimony was a substantial motivating factor in Defendants' retaliatory termination of his employment.

56. DIPIETRO's disciplinary record does not support termination and, prior to his deposition testimony, DIPIETRO was next in line for a promotion to Lieutenant.

Gallup Auerbach • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

57. As a direct, natural and proximate cause of the actions of Defendants, Plaintiff has suffered loss of professional standing and position; emotional distress; embarrassment; humiliation; and damage to his good name and reputation, all of which are injuries that are continuing and permanent.

WHEREFORE, Plaintiff, JEAN PAUL DIPIETRO, demands judgment against Defendants, CITY OF HIALEAH, SERGIO VELAZQUEZ, and CARLOS HERNANDEZ, for the following relief:

(a) Declare that Defendants unconstitutionally acted to punish DIPIETRO for the exercise of his rights under the speech clauses of the First Amendment as incorporated by the Fourteenth Amendment;;

(b) Reinstatement to his former position, rank and seniority.

(c) Entry of a judgment for compensatory damages;

(d) Award punitive damages;

(e) Award DIPIETRO his costs of action, including attorney's fees and reasonable cost of action under 42 U.S.C. § 1983; and

(e) Such other and further relief as this court deems to be just and equitable.

### COUNT III:
### Violation of Fla. Stat. § 92.57
### (against HIALEAH)

58. Plaintiff reasserts the general allegations set forth above in paragraphs 1-38 and incorporates them herein by this reference.

59. In or around July 2017, DIPIETRO testified in a judicial proceeding in response to a subpoena.

60. DIPIETRO testified that HIALEAH enforced a ticket quota in contravention of state law.

61. DIPIETRO testified that Iglesias was a good police officer, who should not have been disciplined because such disciplinary action was based upon an unlawful ticket quota.

62. DIPIETRO testified that HIALEAH insisted that he discipline officers, including Iglesias, for failure to meet the ticket quota in contravention of state law.

63. DIPIETRO testified that HIALEAH, through VELAZQUEZ, disciplined DIPIETRO multiple times for his failure to enforce the unlawful ticket quota against the officers he supervised.

64. HIALEAH, through VELAZQUEZ and HERNANDEZ, retaliated against and ultimately terminated DIPIETRO because of his subpoenaed deposition testimony.

65. HIALEAH did not have a valid, lawful reason to terminate DIPIETRO.

66. HIALEAH violated Fla. Stat. § 92.57 by retaliating against and dismissing DIPIETRO from employment due to the nature of his subpoenaed testimony.

67. As a direct, natural and proximate cause of the actions of Defendant, Plaintiff has suffered loss of professional standing and position; emotional distress; embarrassment; humiliation; and damage to his good name and reputation, all of which are injuries that are continuing and permanent.

68. Plaintiff is entitled to recover for reasonable attorney's fees and costs, punitive damages, and actual damages pursuant to §92.57 Florida Statutes.

WHEREFORE, Plaintiff, JEAN PAUL DIPIETRO, demands judgment against Defendant, CITY OF HIALEAH, for the remedies envisioned by §92.57, Florida Statutes as follows:

(a) Compensation for any lost wages, benefits, and other remuneration;

(b) Any and all other compensatory damages;

(c) An award of reasonable attorneys' fees and costs incurred in this action;

(d) Punitive damages; and

(e) Such other and further relief as this court deems to be just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, JEAN PAUL DIPIETRO, hereby demands a trial by jury as to all claims cognizable at law.

Dated this 11th day of October 2019.

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone: (954) 894-3035
Facsimile: (954) 894-8015
E-mail:   dgallup@gallup-law.com

By:   /s/ Dana M. Gallup
      DANA M. GALLUP
      Florida Bar No.: 0949329