UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-cv-24212-CMA

JEAN PAUL DIPIETRO,

    Plaintiff,

vs.

CITY OF HIALEAH, SERGIO
VELAZQUEZ, individually,
and CARLOS HERNANDEZ,
individually,

    Defendants.
_____/

**DEFENDANT SERGIO VELAZQUEZ'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, SERGIO VELAZQUEZ, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint, and states:

**INTRODUCTION**

1. Defendant admits only that this action is brought pursuant to the statutes cited in Paragraph one (1) of the Complaint. Defendant denies the remainder of the allegations in Paragraph one (1) of the Complaint and demands strict proof thereof. Further, Defendant denies any wrongdoing complained of herein.

2. Defendant admits only that jurisdiction is proper. Defendant denies the remainder of allegations in Paragraph two (2) of the Complaint and demands strict proof thereof.

3. Defendant admits only that venue is proper. Defendant denies the remainder of allegations in Paragraph three (3) of the Complaint and demands strict proof thereof.

## PARTIES AND JURISDICTION

4. Based upon reasonable investigation, the allegations contained in Paragraph four (4) of the Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

5. Defendant admits the allegations in Paragraph five (5) of the Complaint.

6. Defendant admits the allegations in Paragraph six (6) of the Complaint.

7. Defendant admits the allegations in Paragraph seven (7) of the Complaint.

## GENERAL ALLEGATIONS

8. Defendant denies the allegations in Paragraph eight (8) of the Complaint and demands strict proof thereof.

9. Defendant denies the allegations in Paragraph nine (9) of the Complaint and demands strict proof thereof.

10. Defendant denies the allegations in Paragraph ten (10) of the Complaint and demands strict proof thereof.

11. Defendant denies the allegations in Paragraph eleven (11) of the Complaint and demands strict proof thereof.

12. Defendant denies the allegations in Paragraph twelve (12) of the Complaint and demands strict proof thereof.

13. Based upon reasonable investigation, the allegations contained in Paragraph thirteen (13) of the complaint are unknown to this Defendant and are, therefore, denied. The Defendant demands strict proof thereof.

14. Defendant denies the allegations in Paragraph fourteen (14) of the Complaint and demands strict proof thereof.

15. Defendant denies the allegations in Paragraph fifteen (15) of the Complaint and demands strict proof thereof.

16. Defendant denies the allegations in Paragraph sixteen (16) of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations in Paragraph seventeen (17) of the Complaint and demands strict proof thereof.

18. Defendant denies the allegations in Paragraph eighteen (18) of the Complaint and demands strict proof thereof.

19. Defendant denies the allegations in Paragraph nineteen (19) of the Complaint and demands strict proof thereof.

20. Defendant denies the allegations in Paragraph twenty (20) of the Complaint and demands strict proof thereof.

21. Based upon reasonable investigation, the allegations contained in Paragraph twenty-one (21) of the complaint are unknown to this Defendant and are, therefore, denied. The Defendant demands strict proof thereof.

22. Defendant denies the allegations in Paragraph twenty-two (22) of the Complaint and demands strict proof thereof.

23. Based upon reasonable investigation, the allegations contained in Paragraph twenty-three (23) of the complaint are unknown to this Defendant and are, therefore, denied. The Defendant demands strict proof thereof.

24. Based upon reasonable investigation, the allegations contained in Paragraph twenty-four (24) of the complaint are unknown to this Defendant and are, therefore, denied. The Defendant demands strict proof thereof.

25. Based upon reasonable investigation, the allegations contained in Paragraph twenty-five (25) of the complaint are unknown to this Defendant and are, therefore, denied. The Defendant demands strict proof thereof.

26. Defendant denies the allegations in Paragraph twenty-six (26) of the Complaint and demands strict proof thereof.

27. Defendant denies the allegations in Paragraph twenty-seven (27) of the Complaint and demands strict proof thereof.

28. Defendant denies the allegations in Paragraph twenty-eight (28) of the Complaint and demands strict proof thereof.

29. Based upon reasonable investigation, the allegations contained in Paragraph twenty-nine (29) of the complaint are unknown to this Defendant and are, therefore, denied. The Defendant demands strict proof thereof.

30. Defendant denies the allegations in Paragraph thirty (30) of the Complaint and demands strict proof thereof.

31. Defendant denies the allegations in Paragraph thirty-one (31) of the Complaint and demands strict proof thereof.

32. Based upon reasonable investigation, the allegations contained in Paragraph thirty-two (32) of the complaint are unknown to this Defendant and are, therefore, denied. The Defendant demands strict proof thereof.

33. Defendant denies the allegations in Paragraph thirty-three (33) of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations in Paragraph thirty-four (34) of the Complaint and demands strict proof thereof.

35. Defendant denies the allegations in Paragraph thirty-five (35) of the Complaint and demands strict proof thereof.

36. Based upon reasonable investigation, the allegations contained in Paragraph thirty-six (36) of the complaint are unknown to this Defendant and are, therefore, denied. The Defendant demands strict proof thereof.

37. Based upon reasonable investigation, the allegations contained in Paragraph thirty-seven (37) of the complaint are unknown to this Defendant and are, therefore, denied. The Defendant demands strict proof thereof.

38. Based upon reasonable investigation, the allegations contained in Paragraph thirty-eight (38) of the Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

## COUNT I:
## Violation of the Florida Whistleblower Act
**(against HIALEAH)**

39-47. The allegations in Paragraphs thirty-nine (39) through forty-seven (47) of the Complaint under the caption "Count I: Violation of the Florida Whistleblower Act (against Hialeah)" are not directed toward this Defendant. Therefore, no response is required. However, to the extent these allegations may be construed against Defendant Velazquez, Defendant denies these allegations and demands strict proof thereof.

## COUNT II:
## Retaliation in Violation of the First and
## Fourteenth Amendment (42 U.S.C. § 1983)
**(against all Defendants)**

48. Defendant re-alleges and re-affirms each and every response above to Paragraphs one (1) through thirty-eight (38) of the Complaint. Defendant denies each and every allegation to the

extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

49. Defendant denies the allegations in Paragraph forty-nine (49) of the Complaint and demands strict proof thereof.

50. Defendant denies the allegations in Paragraph fifty (50) of the Complaint and demands strict proof thereof.

51. Defendant denies the allegations in Paragraph fifty-one (51) of the Complaint and demands strict proof thereof.

52. Defendant denies the allegations in Paragraph fifty-two (52) of the Complaint and demands strict proof thereof.

53. Defendant denies the allegations in Paragraph fifty-three (53) of the Complaint and demands strict proof thereof.

54. Defendant denies the allegations in Paragraph fifty-four (54) of the Complaint and demands strict proof thereof.

55. Defendant denies the allegations in Paragraph fifty-five (55) of the Complaint and demands strict proof thereof.

56. Defendant denies the allegations in Paragraph fifty-six (56) of the Complaint and demands strict proof thereof.

57. Defendant denies the allegations in Paragraph fifty-seven (57) of the Complaint including but not limited to 57(a) – 57(e). The Defendant denies any wrongdoing and demands strict proof thereof.[1]

---

[1] The Plaintiff has inadvertently labeled two subsections as 57(e). Both are denied.

## COUNT III:
## Violation of Fla. Stat. § 92.57
## (against HIALEAH)

58-68. The allegations in Paragraphs fifty-eight (58) through sixty-eight (68) of the Complaint under the caption "Count III: Violation of Fla. Stat. § 92.57 (against Hialeah)" are not directed toward this Defendant. Therefore, no response is required. However, to the extent these allegations may be construed against Defendant Velazquez, Defendant denies these allegations and demands strict proof thereof.

## GENERAL DENIAL

Defendant denies each and every allegation of the Complaint to the extent not previously admitted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As a first affirmative defense, Defendant asserts that he is entitled to a setoff of all payments paid or payable by all collateral sources for all expenses, bills, or other obligations incurred as a result of the incident alleged in the Complaint, in accordance with Florida Statutes.

### Second Affirmative Defense

As a second affirmative defense, Defendant asserts that Plaintiff's alleged protected speech did not play a substantial or motivating role in any alleged adverse employment action and that the same decision would have been made regardless of any alleged protected speech. Defendant's conduct was based upon legitimate, nondiscriminatory and non-retaliatory employment-related reasons.

### Third Affirmative Defense

As a third affirmative defense, Defendant asserts that there was no causal connection between the alleged speech and any alleged adverse employment action.

### Fourth Affirmative Defense

As a fourth affirmative defense, Defendant asserts that qualified immunity applies. Defendant states that his actions were reasonable, proper, legal, and taken pursuant to state law and the United States Constitution. Furthermore, the acts complained of occurred within the scope of the Defendant's official duties, and the Defendant had no knowledge that said acts were illegal or unconstitutional nor did said acts clearly violate the Plaintiff's rights at the time they were committed.

### Fifth Affirmative Defense

As a fifth affirmative defense, Defendant asserts that Plaintiff has failed to mitigate damages as is proper and reasonable under the circumstances.

### Sixth Affirmative Defense

As a sixth affirmative defense, Defendant asserts that he did not have final decision-making authority with respect to the conduct alleged in the Complaint and cannot be held liable for Plaintiff's termination by the City.

### Seventh Affirmative Defense

As a seventh affirmative defense, Defendant asserts that Plaintiff's claim fails due to the election-of-remedies doctrine.  Plaintiff has elected a different remedy, by filing a grievance seeking reinstatement and back pay and benefits under a collective bargaining agreement between the union representing Hialeah police officers and the City of Hialeah, and is barred from bringing his claim in this forum.

### Eighth Affirmative Defense

As an eighth affirmative defense, Defendant asserts that the Complaint fails to state a cause of action upon which relief may be granted.

### **JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

I HEREBY CERTIFY that on this _22nd__ day of November, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing and also sent via U.S. Mail to *Pro Se* Plaintiff to the address listed on the attached Service List.

MARRERO & WYDLER
*Counsel for Defendant Sergio Velazquez*
2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)


BY __/s/___Oscar E. Marrero_____
OSCAR E. MARRERO
F.B.N.: 372714
oem@marrerolegal.com
LOURDES E. WYDLER
F.B.N.: 719811
lew@marrerolegal.com

# SERVICE LIST

Counsel for Plaintiff:

Dana M. Gallup, Esq.
GALLUP AUERBACH
4000 Hollywood Blvd.
Presidential Circle – Suite 265 South
Hollywood, FL 33021
(954) 894-3035
(954) 894-8015 (fax)
dgallup@gallup-law.com


Counsel for City of Hialeah and Carlos Hernandez

David C. Miller, Esq.
dmiller@bmolaw.com
FBN:  147427
Ranjiv Sondhi, Esq.
rsondhi@bmolaw.com
FBN: 105581
Denise M. Heekin, Esq.
dheekin@bmolaw.com
FBN:  892998
BRYANT MILLER OLIVE P.A.
One S.E. Third Avenue, Suite 2200
Miami, FL 33131
(305) 374-7349
(305) 374-0895 (fax)
Secondary e-mails:  bramirez@bmolaw.com; mtripodi@bmolaw.com